UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 14-41747

Bruce J and Amie L Bordwell,

                Debtors.

------------------------------------------------

## NOTICE OF HEARING AND OBJECTION TO
## CONFIRMATION OF CHAPTER 13 PLAN
## AND MOTION TO DISMISS

      Kyle L. Carlson, Chapter 13 trustee, by and through his undersigned attorney, hereby objects to confirmation of the Chapter 13 plan filed by the Debtors and requests that the case be dismissed.

      1.      The Court will hold a hearing on this motion at 10:00 a.m. on June 19, 2014, in Courtroom 8 West, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota.

      2.      Any response to this motion must be filed and served not later than June 13, 2014, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

      3.      Kyle L. Carlson is the Chapter 13 trustee ("Trustee") of the Debtors in the above-referenced bankruptcy case. This case is pending before this Court.

      4.      This Court has jurisdiction over this matter under 28 U.S.C. Section 157 and 1334. This objection is brought pursuant to 11 U.S.C. §1307, 1324 and 1325, Bankruptcy Rule 3015 and Local Rule 3015. This matter is a core proceeding.

      5.      The Debtors commenced this case by filing a voluntary Chapter 13 on April 23, 2014. Debtors filed a Chapter 13 plan on that date. That plan provides for month payments starting at $195 per month for 60 months. It results in a dividend of 11 percent to unsecured creditors.

      6.      Trustee objects to confirmation of the plan on the basis that Debtors are not paying in all of their disposable income. Debtors have two car loans with Great River Credit Union which they are proposing to pay directly. Both loans are paid in full in mid 2017, during the plan term. Trustee contends that Debtors will have increased disposable income at that time and the plan should be modified to pay the difference in to the plan to satisfy creditors.

      7.      Trustee also contends that the plan needs to be clarified. Debtors list three student loans among the $60,513 in unsecured creditors on Schedule F. Debtors' Schedule J lists student loan payments of $236 being made directly. Debtors' plan does not indicate which of the student

loans are being paid directly and line 11c. appears to indicate that all unsecured creditors, including student loans, are participating in the distribution under the plan. If the plan is providing that student loans are receiving favorable treatment the plan should specifically indicate that.

8. For the forgoing reasons, the trustee contends that the case was filed in bad faith. As a result the case should be converted to a Chapter 7 or dismissed.

**WHEREFORE**, Kyle L. Carlson requests an order as follows:

(A) Denying confirmation of the Chapter 13 plan;

(B) Dismissing the Chapter 13 case; and

(C) Granting any other relief the Court deems just and proper.

          Hedback, Arendt & Carlson, PLLC

Dated: May 30, 2014      ____/e/ John A. Hedback____
             John A. Hedback, #142438
             Attorney for Chapter 13 Trustee
             2855 Anthony Lane South, Suite 201
             St. Anthony, MN  55418
             (612) 436-3280
             Attorneys for the Movant

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 14-41747

Bruce J and Amie L Bordwell,

## VERIFICATION

    The Trustee verifies under penalty of perjury that the information contained in the foregoing motion is true and correct to the best of the Trustee's knowledge, information and belief.

Dated: May 30, 2014                                /e/ Kyle L. Carlson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 14-41747

Bruce J and Amie L Bordwell,

**MEMORANDUM**

Debtors.

-------------------------------------------------

      Kyle L. Carlson, Chapter 13 trustee, (Trustee) hereby submit its memorandum of fact and law in support of its Objection to Confirmation (Motion).

## I.  STATEMENT OF FACTS

      The facts supporting the Objection to Confirmation are set forth in the attached verified motion. In addition, Trustee also relies on the representations made by Debtors in their verified Schedules on file and of record herein.

## II.  STATEMENT OF LAW AND ARGUMENT

      Section 1324 provides that a party in interest may object to confirmation of a plan. A Chapter 13 trustee would be such a party in interest.

      Section 1325 provides that the Court shall confirm a plan if it meets certain requirements.

      Section 1325(b)(1) provides that if an objection is filed by an unsecured creditor or the Chapter 13 trustee, the Debtor's plan must either pay unsecured creditors in full or provide for payment of all of Debtor's projected disposable income for the applicable commitment period. The applicable commitment period defined to be 3 years if the Debtor's current monthly income is less than median income for a household of the same size, unless the unsecured creditors are being paid in full. If the Debtor's household income exceeds the current monthly income then the applicable commitment period is 5 years. Disposable income is all income which is "not reasonably necessary to be expended… for the maintenance or support of the debtor or a dependant of a debtor…" (Section 1325(b)(2)(B)).

      Section 1325(a)(3) requires that the plan be proposed in good faith. Good faith is based upon the totality of the circumstances. *In re Molitor* 76 F.3rd 218, 220-221 (8th Cir. 1996) (citing *In re*

*LeMaire*, 898 F.2d 1346, 1349 (8th Cir. 1990)).  The Debtor has to be making a good faith effort to pay their creditors.

      Section 1307(c) provides that the Court, after notice and a hearing may convert this case to one under Chapter 7 or dismiss it for cause. Cause includes denial of confirmation of a plan and for filing in bad faith.

                                          Hedback, Arendt & Carlson, PLLC

Dated: May 30, 2014                        ____/e/ John A. Hedback____
                                              John A. Hedback,  #142438
                                              2855 Anthony Lane South, Suite 201
                                              St. Anthony, MN  55418
                                              (612) 436-3280
                                              Attorneys for Movant

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 14-41747

Bruce J and Amie L Bordwell,

                         Debtor(s).

**UNSWORN DECLARATION FOR PROOF OF SERVICE**

------------------------------------------------

The undersigned, being an employee of Hedback, Arendt & Carlson, PLLC, attorneys licensed to practice law in this Court, with office address of 2855 Anthony Lane, St. Anthony, MN 55418, declares that on the date below, I served the following:

1. Notice and Objection to Confirmation of Modified Chapter 13 Plan and Motion to Dismiss;
2. Memorandum;
3. Proposed Order; and
4. Unsworn Declaration for Proof of Service.

upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at St. Anthony, MN addressed to each of them as follows:

Bruce J and Amie L Bordwell
5523 HIGHLAND TRAIL
BIG LAKE, MN 55309

and I certify under penalty of perjury, that the foregoing is true and correct.

Dated: June 2, 2014                          ____/e/ John A. Hedback____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 14-41747

Bruce J and Amie L Bordwell,

**ORDER**

Debtors.

-------------------------------------------------

This case came before the Court on the confirmation of the Debtor's Chapter 13 plan. An objection to confirmation has been filed by Kyle L. Carlson, Chapter 13 trustee. Appearances were noted on the record. Based on the file, record and proceedings herein,

**IT IS ORDERED**:

1. Confirmation of the Debtor's Chapter 13 plan is denied

2. The Chapter 13 case is dismissed.

BY THE COURT

Dated:

United States Bankruptcy Judge