FORM 3015-1 CHAPTER 13 PLAN
UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

----------------------------------

**IN RE:**                                                                                                            MODIFIED CHAPTER 13 PLAN

DATE 6/2/2014

BRUCE AND AMIE BORDWELL                                           CASE NO. 14-41747

----------------------------------

**1. DEBTOR'S PAYMENTS TO TRUSTEE**

a. As of the date of the plan, debtor has paid the trustee     $0.00

b. After the date of this plan, debtor will pay the trustee     $195.00 per month for 38 months beginning within 30 days days after the order for relief, then     $1,062.00 per month for 22 months beginning July 2017

for a total of     $30,774.00 The minimum plan length 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.

c. The debtor will also pay the trustee:     $0.00

d. The Debtor will pay the trustee a total of:     $30,774.00     {line 1a + line 1b +line 1c}

**2. PAYMENTS BY TRUSTEE** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments or,     $3,077.40     {line 1d x .10}

**3. ADEQUATE PROTECTION PAYMENTS 1326 (a) (1) C)**     The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Month | TOTAL PAYMENTS |
|---|---|---|---|
| a. | | | $0.00 |
| b. | | | |
| d. TOTAL | | | $0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES §365 -** The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in # 7

| Creditor | Description of Property |
|---|---|
| a | |
| b. | |

**5. CLAIMS NOT IN DEFAULT** Payments on the following claims are current and the debtor will continue to make all payments which come due after the date the petition was filed directly to the to the to the creditors. The creditors will retain their liens. The creditor can continue to invoice the debtor.

| Creditor | Description of Property |
|---|---|
| a. NATIONSTAR MORTGAGE | HOME |
| b GREAT RIVER FED CU | 2007 FORD F150 |
| c. | |
| d. GREAT RIVER FED CU | 2005 CHRYSLER ASPEN |

**6. HOME MORTGAGES IN DEFAULT (sec. 1322(b)(5) and 1322 (e)).** The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates***. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. CHASE HOME FINANCE | $1,096.30 | $55.50 | 1 | 22 | $1,208.00 |
| b. | | | | | |
| c. | | | | | |
| d. TOTAL | $1,096.30 | $55.50 | | | $1,208.00 |

**7. SECURED CLAIMS IN DEFAULT (§ 1322(b)(3) and (5) and §1322(e))** The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. ***All following entries are estimates, except for interest rate.***

| Creditor | Amount of Default | Int. Rate (if applicable) | Payment | Beginning in Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| b. | | | | | | |
| c. other | $0.00 | | | | | $0.00 |

**8. OTHER SECURED CLAIMS SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge.

**NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.**

| Creditor | Amount of Claim | Secured Claim | Intrest Rate | Beginning in Month # | Monthly Payments | x | Number of = Payments | Payments on Account of Claim | (Adequate) Protection from #3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|
| a. | | | | | | | | | | |
| b. | | | | | | | | | | |
| c. Total | $0.00 | $0.00 | | | | | | | | $0.00 |

**9. PRIORITY CLAIMS** the trustee will pay in full all claims entitled to priority under §507, including the following. ***The amounts listed are estimates.*** The trustee will pay the amounts actually allowed.

| Creditor | Amount of Claim | Monthly Payment | Month # | Number of payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney's fees | $2,250.00 | $120.00 | 1 | 19 | $2,250.00 |
| b. IRS | $1,000.00 | PRORATA | 14 | | $1,000.00 |
| c. MN DEPT REVENUE | $721.00 | PRORATA | 14 | | $721.00 |
| f. TOTAL | $3,971.00 | | | | $3,971.00 |

**10. SEPARATE CLASS OF UNSECURED CREDITORS** In addition to the class of unsecured creditors specified in #11, there shall be separate classes of non-priority unsecurity creditors described as follows:

The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate (if any) | Claim Amount | Payment | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | | | | | |
| b. | | | | | |
| c. TOTAL | | $0.00 | | | $0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** The trustee will pay the holders of non-priority unsecured claims for which proofs of claim were timely filed, the balance of all payments received by the trustee and not paid under # 2, 3,6, 7, 8, 9 and 10 their pro rata share of approximately    $22,517.60    line 1(d) minus lines 2, 6(d), 7(d) and 8(d), 9 (f) and 10)].

a. The debtor estimates that the total unsecured claims by creditors listed in paragraph 8 are    $0.00

b. The debtor estimates that the total unsecured claims (excluding those in #8 & #10) are    $60,513.00

c. Total estimated unsecured claims are    $    line 11(a) + line 11 (b).    $60,513.00

**12. TARDILY FILED UNSECURED CREDITORS** All money paid by the debtor to the trustee under #1 but not distributed but not distributed by the trustee under #2,3,6,7,8, 9, 10 or 11will be paid to the holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS**     The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
Income withholding for on-going child support will continue.
THE US DEPT OF EDUCATION WILL BE PAID DIRECTLY FOR 3 STUDENT LOANS.
The debtors shall send the Trustee each year during the Chapter 13 Plan copies of their federal and state income tax returns at the time they are filed. The debtors shall also promptly report to the Trustee the receipt of any state and federal tax refunds for the duration of this Chapter 13 case and shall be entitled to retain the first $2,000 plus any earned income credit (EIC). Any remaining amounts shall be turned over to the Chapter 13 trustee as additional plan payments.

Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed by any entity that holds a claim against the debtor(s) for taxes that become payable to a governmental unit while the case is pending.  The trustee shall only pay 11 U.S.C. Section 1305 claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.

14. **SUMMARY OF PAYMENTS-**

| | |
|---|---:|
| Trustee's fee [line 2]............................................ | $3,077.40 |
| Home Mortgage Defaults [line 6(d)]........................ | $1,208.00 |
| Claims in defaults [line 7(d)]. ...................... | $0.00 |
| Other Secured Claims [line 8(d)]............................ | $0.00 |
| Priority claims [line 9f]........................................... | $3,971.00 |
| Separate Class [line 10(C)]....................................... | $0.00 |
| Unsecured Creditors [line 11].............................. | $22,517.60 |
| **TOTAL [must equal line 1(d)].........................** | $30,774.00 |

ROBERT L KALENDA
919 WEST ST GERMAIN ST STE 2000
ST CLOUD MN 56301                              SIGNED: __ /e/ Bruce Bordwell
(320)255-8840                                                      DEBTOR

                                                                   SIGNED: __ /e/ Amie Bordwell
                                                                               JOINT DEBTOR

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:

Bruce and Amie Bordwell,                                              Bky.No 14-41747

Debtors.                                                                       Chapter 13 Bankruptcy

NOTICE OF MODIFICATION OF
CHAPTER 13 PLAN BEFORE CONFIRMATION

TO:    ALL INTERESTED PARTIES

1. Pursuant to Local Rule 3015-2, the debtors, by their attorney, Robert L. Kalenda, give notice that the court will hold a confirmation hearing on the modified Chapter 13 plan at 10:00 a.m. on July 31, 2014, in Courtroom 8 West, 300 South 4th Street, US Courthouse, Minneapolis, Minnesota.

Dated: 6-27-14

KALENDA LAW OFFICE

By:    /e/ Robert L. Kalenda
Robert L. Kalenda
Attorney for debtor
919 West St. Germain, Suite 2000
St. Cloud, MN 56301
(320) 255-8840
MN Registration #53260

UNSWORN CERTIFICATE OF SERVICE

    I, Dana E. Thomsen, declare under penalty of perjury that on June, 27, 2014, I mailed copies of the foregoing Amended Chapter 13 Plan and Notice of Modification of Chapter 13 Plan Before Confirmation In Re: Bruce and Amie Bordwell Bky. No. 14-41747 by first class mail postage prepaid to each entity named below at the address stated below for each entity:

Interested Parties on attached service list

Executed on: 6·27·14    Signed: /s/ Thomsen
                                                              Dana E. Thomsen
                                                              KALENDA LAW OFFICE
                                                              919 West St. Germain, Suite 2000
                                                              St. Cloud, MN 56301

| | | |
|---|---|---|
| BRUCE J BORDWELL<br>5523 HIGHLAND TRAIL<br>BIG LAKE MN 55309 | AMIE L BORDWELL<br>5523 HIGHLAND TRAIL<br>BIG LAKE MN 55309 | AMERICAN EXPRESS<br>PO BOX 981537<br>EL PASO TX 79998-1537 |
| CHASE MORTGAGE<br>PO BOX 24696<br>COLUMBUS OH 43224-0696 | CITICARDS CBNA<br>701 EAST 60TH STREET N<br>SIOUX FALLS SD 57104 | COMENITY BANK ANN TAYLOR<br>P BOX 182789<br>COLUMBUS OH 43217-2789 |
| GREAT RIVER FEDERAL CREDIT<br>UNION<br>1532 ST GERMAIN ST W<br>ST CLOUD MN 56301 | KOHLS<br>PO BOX 3115<br>MILWAUKEE WI 53201 | NATIONSTAR MORTGAGE<br>PO BOX 650783<br>DALLAS TX 75265-0783 |
| US DEPARTMENT OF EDUCATION<br>PO BOX 7860<br>MADISON WI 53707-7860 | USSET WEINGARDEN & LIEBO<br>PLLP<br>4500 PARK GLEN ROAD STE 300<br>MINNEAPOLIS MN 55416 | WELLS FARGO CARD SERVICES<br>CREDIT BUREAU RESOLUTION<br>PO BOX 14517<br>DES MOINES IA 50306 |
| WORLDS FOREMOST BANK<br>4800 NW 1ST STREET<br>STE 300<br>LINCOLN NE 68521 | | |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**BRUCE J BORDWELL and AMIE L BORDWELL**

**SIGNATURE DECLARATION**

Debtor(s).

Case No. **14-41747**

___ PETITION, SCHEDULES & STATEMENTS
___ CHAPTER 13 PLAN
___ SCHEDULES AND STATEMENTS ACCOMPANYING VERIFIED CONVERSION
___ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
_X_ MODIFIED CHAPTER 13 PLAN
___ OTHER (Please describe: _____)

I [We], the undersigned debtor(s) or authorized representative of the debtor, *make the following declarations under penalty of perjury:*

- The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;
- The information provided in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case is true and correct;
- **[individual debtors only]** If no Social Security Number is included in the "Debtor Information Pages" submitted as a part of the electronic commencement of the above-referenced case, it is because I do not have a Social Security Number;
- I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration and the completed "Debtor Information Pages," if applicable; and
- **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 6/25/14

X _____    X _____
Signature of Debtor or Authorized Representative    Signature of Joint Debtor

**BRUCE J BORDWELL**                    **AMIE L BORDWELL**
Printed Name of Debtor or Authorized Representative    Printed Name of Joint Debtor

Form ERS 1 (Rev. 10/03)